UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X

ALEJANDRA RAMALES, *et al.*,

                              Plaintiffs,

               -against-                                 **ORDER**
                                                                     22-cv-2863 (CLP)
SIGNATURE CLEANING SERVICES,
INC., *et al.*,

                              Defendants.

-----------------------------------------------------------X

**POLLAK**, United States Magistrate Judge:

      On May 16, 2022, plaintiffs filed a complaint against defendants Signature Cleaning Services, Inc. ("Signature"), American Maintenance 3 Janitorial Services and Supplies Co. Corp. ("American"), and Andrew Weisbach (collectively, "defendants"), alleging violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq., and the New York Labor Law ("NYLL") §§ 142 et seq., 160 et seq., 195 et seq., and 663, et seq. (Compl.[1]) The complaint was filed pursuant to the collective action provisions of the FLSA. Plaintiffs commenced this action to recover unpaid overtime wages and damages for violations of prompt payment, spread-of-hours, wage notice, and wage statement requirements. (Id. ¶ 1). Several individual plaintiffs also brought discrimination and/or retaliation claims. (Id. ¶ 2).

      On August 25, 2023, plaintiff, on behalf of all parties, filed a joint motion for settlement approval. (ECF No. 42). The parties submitted a fully executed settlement agreement as part of

---

[1] Citations to "Compl." refer to the Complaint filed on May 16, 2022. (ECF No. 1).

their motion for settlement approval.  (Agr.[2]).  The district court granted the parties' consent to Magistrate Judge jurisdiction on August 29, 2023.  (See ECF Nos. 41, 43).

On September 15, 2023, this Court held a fairness hearing on the motion, pursuant to Cheeks v. Freeport Pancake House, 796 F.3d 199 (2d Cir. 2015).  For the reasons set forth in this Order, the Court approves the parties' settlement agreement as modified by the September 18, 2023 Stipulation as fair and reasonable, and approves plaintiffs' request for attorney's fees.

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiffs allege that defendants Signature and American are domestic corporations, maintaining their principal place of business at 231 West 29th Street, New York, New York, and 3957 Provost Avenue, Bronx, New York, respectively.  (Compl. ¶¶ 22, 25).  The individual defendant, Andrew Weisbach, is sued individually in his capacity as "owner and/or principal and/or shareholder and/or Chief Executive Officer of Signature, and . . . de facto Executive of Defendant American."  (Compl. ¶ 28).  Plaintiffs allege that Mr. Weisbach possessed operational control over the corporate defendants and exercised supervisory and managerial power over their employees.  (Id. ¶ 29).  Plaintiffs allege that the defendants are covered employers within the meaning of the FLSA and the NYLL, and that they jointly employed plaintiff.  (Id. ¶¶ 26, 33, 34, 99).  Specifically, plaintiffs allege that defendants were "engaged in interstate commerce" because they "advertise, serve, and contract with vendors from" outside New York and have an annual revenue in excess of $500,000.  (Id. ¶ 33).

---

[2] Citations to "Agr." refer to the Settlement Agreement and Release, filed on August 25, 2023.  (ECF No. 42-1).

Plaintiffs worked as cleaners, porters, managers, and in other positions. (Pls.' Mem.[3] at 2). A summary of each plaintiff's claims has been provided to the Court. (See id., Ex. B). Most of the claims relate to non-payment of overtime. (Id.)

The parties attended multiple mediation sessions and a settlement was eventually reached. (See ECF No. 39). The parties then bifurcated their settlement, with one agreement covering all wage and hour claims under the FLSA and NYLL, and another covering all other claims. (Pls.' Mem. at 1).

The parties propose to settle plaintiffs' FLSA claims for a total of $159,121.63. (Id. at 5; Agr. ¶ 1). According to the terms of the Agreement, plaintiffs will receive $95,896.08 split *pro rata*, and plaintiffs' counsel will receive $63,225.54 in fees and costs. (Pls.' Mem. at 5).[4]

## DISCUSSION

I. Legal Standards

In determining whether to approve an FLSA settlement, courts consider whether the agreement "reflects a 'reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching.'" Le v. Sita Info. Networking Computing USA, Inc., No. 07 CV 86, 2008 WL 9398950, at *1 (E.D.N.Y. June 12, 2008) (alteration in original) (quoting Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1354 (11th Cir. 1982) (holding that, where an FLSA settlement is a reasonable compromise, the settlement should be approved to "promote the policy of encouraging settlement of litigation")). Courts have identified several factors to consider when determining whether a proposed settlement is fair and reasonable, including:

---

[3] Citations to "Pls.' Mem." refer to plaintiffs' Memorandum in Support of Plaintiffs' Motion for Settlement Approval of a Fair Labor Standards Act Case, filed on August 25, 2023. (ECF No. 42).
[4] The sum of these numbers is one cent less than the purported total settlement amount.

3

> (1) the plaintiff's range of possible recovery; (2) the extent to which 'the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses'; (3) the seriousness of the litigation risks faced by the parties; (4) whether 'the settlement agreement is the product of arm's-length bargaining between experienced counsel'; and (5) the possibility of fraud or collusion.

Wolinsky v. Scholastic, Inc., 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012) (quoting Medley v. American Cancer Soc., No. 10 CV 3214, 2010 WL 3000028, at *1 (S.D.N.Y July 23, 2010)); see also Cohetero v. Stone & Tile, Inc., No. 16 CV 4420, 2018 WL 565717, at *2 (E.D.N.Y. Jan. 25, 2018) (endorsing the factors from Wolinsky).

"When presented with a settlement for approval, a district court's options are to (1) accept the proposed settlement; (2) reject the proposed settlement and delay proceedings to see if a different settlement can be achieved; or (3) proceed with litigation." Fisher v. SD Prot. Inc., 948 F.3d 593, 606 (2d Cir. 2020) (citing Evans v. Jeff D., 475 U.S. 717, 727 (1986)). "[E]ven though a district court has a duty to review an FLSA settlement for reasonableness to prevent any potential abuse, this does not grant the court authority to rewrite contract provisions it finds objectionable." Id. at 606. Rather, if the court finds one or more provisions of an FLSA settlement agreement to be unreasonable, the Court must reject the proposed settlement. Id. at 605.

II.  Settlement Terms

The Court finds that the terms of the Agreement are fair and reasonable. The Court notes that the Agreement does not contain any confidentiality clauses, non-employment clauses, or non-disparagement clauses that do not contain a carve-out for truthful statements, all of which have previously been rejected by courts in this Circuit. See Ortiz v. My Belly's Playlist LLC, 283 F. Supp. 3d 125, 126 (S.D.N.Y. 2017) (holding that a settlement clause in which plaintiffs

agree to never seek re-employment with defendant contravenes the FLSA); Lopez v. 41-06 Bell Blvd Bakery LLC, No. 15 CV 6953, 2016 WL 6156199, at *2 (E.D.N.Y. Oct. 3, 2016) (explaining that a confidentiality clause is impermissible) (collecting cases), report and recommendation adopted, 2016 WL 6208481 (E.D.N.Y. Oct. 21, 2016); Martinez v. Gulluoglu LLC, No. 15 CV 2727, 2016 WL 206474, at *1 (S.D.N.Y. Jan. 15, 2016) (holding that for a non-disparagement clause to be permissible in an FLSA settlement agreement, "it must include a carve-out for truthful statements about plaintiffs' experience litigating their case"). Specific terms are discussed in turn below.

      A.    Settlement Amount

The total proposed settlement amount is $159,121.63, to be paid all at once. (Agr. ¶ 1). Plaintiffs will receive a total of $95,896.08 under the Agreement. (Pls.' Mem. at 5). Plaintiffs contend that the settlement amount is a fair compromise even though the amount is less than the alleged estimated total recovery, which would have amounted to $215,668.97 for a three-year limitations period not including liquidated damages, citing the "overlapping complexities of several actions, including a potential of disgorgement of plaintiffs' wages and damages." (Id. at 8). Plaintiffs argue that the agreement is fair and reasonable since it avoids the litigation risks which were "expected to immediately rise for all Parties." (Id.)

The Court notes that the parties reached the terms of this Agreement through arm's-length bargaining, by participating in mediation. (Id. at 4, 5, 9). Weighing the settlement amount agreed to here against the inherent risks and burdens that plaintiffs would face in pursuing her claims, and seeing no issues regarding potential coercion, fraud, or collusion in this case, the Court finds that the settlement amount reached is a fair and reasonable compromise. See Wolinsky v. Scholastic Inc., 900 F. Supp. 2d at 335.

B. <u>Bifurcation</u>

The parties have bifurcated their settlement agreement into separate settlements of wage and hour claims under the FLSA and NYLL and of all other claims, with the former currently in front of the Court. "Courts in this Circuit regularly accept bifurcated settlement agreements where the parties' FLSA claims undergo a <u>Cheeks</u> review while their non-FLSA claims are resolved by a separate private agreement." <u>Luna v. J.S. Held LLC</u>, No. 21 CV 3072, 2023 WL 2214012, at *3 (E.D.N.Y. Feb. 24, 2023) (collecting cases). Therefore, the Court finds this bifurcation acceptable.

C. <u>Scope of the Release</u>

Given that litigation has also been brought by defendants against some of the plaintiffs in this action, the parties have provided the Court a stipulation containing a mutual general release. (ECF No. 44). Such a release does not offend <u>Cheeks</u> since it is mutual, and plaintiffs stand to realize a practical benefit from it. <u>Lola v. Skadden, Arps, Meagher, Slate & Flom LLP</u>, No. 13 CV 5008, 2016 WL 922223, at *2 (S.D.N.Y. 2016); <u>Daniels v. Haddad</u>, No. 17 CV 8067, 2018 WL 6713804, at *1 (S.D.N.Y. Dec. 17, 2018). Therefore, the Court finds this release acceptable.

D. <u>Jurisdiction</u>

The Court recognizes that the parties wish to have the Court retain jurisdiction to enforce the Agreement. (Agr. ¶ 14). "The Second Circuit has explicitly held that a district court does not retain jurisdiction to enforce a settlement merely by placing its 'judicial imprimatur' on the parties' settlement, such as by approving the settlement agreement as fair and adequate." <u>Melchor v. Eisen & Son Inc.</u>, No. 15 CV 113, 2016 WL 3443649, at *6 (S.D.N.Y. June 10, 2016) (citing cases). A court's approval of a settlement agreement under <u>Cheeks</u> is not sufficient alone as a basis for retaining federal jurisdiction over enforcement of that FLSA settlement

agreement. Mao v. Mee Chi Corp., No. 15 CV 1799, 2016 WL 675432, at *1 (S.D.N.Y. Feb. 11, 2016) (holding there is no "suggestion in *Cheeks* that by mandating review of FLSA settlements, the Second Circuit Court of Appeals was creating federal jurisdiction over enforcement of all such agreements").

If the parties want this Court to retain jurisdiction for purposes of enforcing the Agreement, they should make it explicit in their stipulation of dismissal.

### E. Attorney's Fees and Costs

According to the proposed settlement agreement, $63,225.54 of the settlement amount will go to plaintiffs' counsel, including $10,185.00 in costs. (Pls.' Mem. at 5, 12). The $10,185.00 in costs covers the filing fee, two mediations, and additional costs. (Id. at 12, Ex. G). Courts often award costs that are "incidental and necessary to [plaintiff's] representation." Mitland Raleigh-Durham v. Myers, 840 F. Supp. 235, 239 (S.D.N.Y. 1993). Minus costs, plaintiffs' counsel will receive $53,040.54. Thus, plaintiffs' counsel's fees reflect one third of the total settlement amount. Counsel notes that such one third awards are "commonly accepted" in this Circuit. (Pls.' Mem. at 11 (quoting Calle v. Elite Specialty Coatings Plus, Inc., No. 13 CV 6126, 2014 WL 6621081, at *3 (E.D.N.Y. Nov. 21, 2014))).

Courts must assess the reasonableness of plaintiffs' attorney's fees, regardless of whether the fee has been negotiated as part of the settlement amount. Beckert v. Rubinov, No. 15 CV 1951, 2015 WL 6503832, at *2 (S.D.N.Y. Oct. 27, 2015) (quoting Lliguichuzcha v. Cinema 60, LLC, 948 F. Supp. 2d. 362, 366 (S.D.N.Y. 2013)). The Second Circuit has set forth six factors to determine whether attorney's fees in FLSA settlements are reasonable: "(1) the time and labor expended by counsel; (2) the magnitude and complexities of the litigation; (3) the risk of the litigation . . . ; (4) the quality of representation; (5) the requested fee in relation to the settlement;

7

and (6) public policy considerations." Goldberger v. Integrated Res., Inc., 209 F.3d 43, 50 (2d Cir. 2000) (omission in original) (quoting In re Union Carbide Corp. Consumer Prods. Bus. Sec Litig., 724 F. Supp. 160, 163 (S.D.N.Y. 1989)).

In calculating attorney's fees, courts have used one of two methods: the "lodestar" method and the "percentage-of-recovery" method. See Allen v. Taylor, 795 F. App'x 79, 80 (2d Cir. 2020). When using the "lodestar" method, courts multiply the number of hours reasonably spent by counsel on the matter by a reasonable hourly rate. See Perdue v. Kenny A. ex rel. Winn, 559 U.S. 542, 546, 551–52 (2010); Millea v. Metro-North R.R. Co., 658 F.3d 154, 166 (2d Cir. 2011); Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany, 522 F.3d 182, 183 (2d Cir. 2008); Cowan v. Ernest Codelia, P.C., No. 98 CV 5548, 2001 WL 30501, at *7 (S.D.N.Y. Jan. 12, 2001), aff'd, 50 F. App'x 36 (2d Cir. 2002). Although there is a "strong presumption that this amount represents a reasonable fee," the resulting lodestar figure may be adjusted based on certain other factors, Cowan v. Ernest Codelia, P.C., 2001 WL 30501, at *7; see also Quaratino v. Tiffany & Co., 166 F.3d 422, 425 (2d Cir. 1999), and courts in this Circuit have applied a multiplier to the lodestar calculation. E.g., Fujiwara v. Sushi Yasuda Ltd., 58 F. Supp. 3d 424, 439 (S.D.N.Y. 2014) (holding "a multiplier near 2 should, in most cases, be sufficient compensation for the risk associated with contingent fees in FLSA cases"); see also Velandia v. Serendipity 3, Inc., No. 16 CV 1799, 2018 WL 3418776, at *5 (S.D.N.Y. July 12, 2018) (finding a multiplier of 1.2 to be a "reasonable lodestar modifier").

Instead of using the lodestar method, courts may also employ the "percentage of the fund" method. See McDaniel v. County of Schenectady, 595 F.3d 411, 417–18 (2d Cir. 2010) (collecting cases). With this method, courts in this Circuit have routinely found an award representing one-third of the settlement amount to be reasonable. See Romero v. Westbury Jeep

8

Chrysler Dodge, Inc., No. 15 CV 4145, 2016 WL 1369389, at *2 (E.D.N.Y. Apr. 6, 2016) (citing cases).  However, a one-third percentage may be "simply too great" in relation to the work performed.  See Larrea v. FPC Coffees Realty Co., No. 15 CV 1515, 2017 WL 1857246, at *6 (S.D.N.Y. May 5, 2017) (declining to approve a one-third fee that would result in an 11.4 multiplier of the lodestar calculation).

      Here, plaintiffs' counsel has provided a lodestar amount of $102,387.50.  (Pls.' Mem. at 11).  This calculation is based on 439 hours of work, detailed in counsel's billing records, charged at the following rates: "$450.00 per hour for Jon L. Norinsberg, Esq., and Bennitta L. Joseph, Esq., Plaintiffs' counsel's firm's managing partners who supervised all work in this case; $350.00 per hour for Michael R. Minkoff, Esq., undersigned counsel and partner on this matter, and co-lead counsel; $290.00 per hour for Diego O. Barros, Esq., Senior Counsel and co-lead counsel along with the undersigned; and $100.00 per hour for paralegals."  (Pls.' Mem. at 11, Ex. F).  These rates fall within the reasonable hourly rates for this district which range "from $300 to $450 per hour for partners, $200 to $300 per hour for senior associates . . . and $70 to $100 per hour for paralegals."  Retirement Fund of Loc. 1482 Paint & Allied Prod. Mfrs. v. Northern Adhesives, Inc., No. 19 CV 5609, 2020 WL 6370060, at *4 (E.D.N.Y. May 27, 2020), report and recommendation adopted, 2020 WL 5587271 (E.D.N.Y. Sept. 17, 2020).  Since the lodestar amount is significantly higher than the requested fee, the Court finds that the requested award of fees is reasonable.

      The other Goldberger factors also weigh in favor of finding the award fair and reasonable: the risks of litigation are high, "FLSA claims typically involve complex mixed questions of fact and law," Barrentine v. Arkansas-Best Freight Sys., Inc., 450 U.S. 728, 743 (1981), and the public policy goal of encouraging attorneys to take on FLSA and NYLL actions

that protect the wages of workers is served here.  See Beckman v. KeyBank, N.A., 293 F.R.D. 467, 481 (S.D.N.Y. 2013).

Thus, as plaintiffs' counsel is requesting an amount less than the calculated lodestar and equaling one-third of the settlement, a percentage typically found reasonable in this Circuit, and given the analysis of the parties' submissions and the Goldberger factors set forth above, the Court approves the agreed-upon attorney's fees.

## CONCLUSION

In this case, after holding a fairness hearing and reviewing the parties' submissions, the Court finds that the settlement reached is a fair and reasonable compromise of plaintiffs' claims. The Court reached its determination after considering the amount received, the issues that might have limited recovery, and the fact that the parties engaged in arms'-length negotiations between experienced counsel.  Cf. Wolinsky v. Scholastic, Inc., 900 F. Supp. 2d at 355 (examining the factors courts consider when approving FLSA settlement agreements).  The Court also finds that plaintiffs' counsel's request for fees is reasonable.

The Clerk is directed to send copies of this Order to the parties either electronically through the Electronic Case Filing (ECF) system or by mail.

**SO ORDERED.**

Dated: October 5, 2023
       Brooklyn, New York

/s/ Cheryl L. Pollak

Cheryl L. Pollak
United States Magistrate Judge
Eastern District of New York